ALLEN B. GRODSKY (SBN 111064)
ZACHARY ROTHENBERG (SBN 215404)
GRODSKY & OLECKI LLP
2001 Wilshire Blvd., Ste. 210
Santa Monica, California 90403
310.315.3009 (phone)
310.315.1557 (fax)
allen@grodsky-olecki.com (e-mail)
zachary@grodsky-olecki.com (e-mail)

Attorneys for Defendants
CMH Records, Inc. and Vitamin Records, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. JOHNSON aka Fanatik J, an individual,<br><br>          Plaintiff,<br><br>          v.<br><br>CMH RECORDS, INC., a California corporation dba OCD INTERNATIONAL, Vitamin Records, LLC, a California Limited Liability Company and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. C 07-06476 VRW<br><br>The Honorable Vaughn R. Walker<br><br>**ANSWER OF DEFENDANTS CMH RECORDS, INC. AND VITAMIN RECORDS, LLC**<br><br>**DEMAND FOR JURY TRIAL** |

ANSWER OF DEFENDANTS CMH RECORDS, INC.
AND VITAMIN RECORDS, LLC

Johnson v. CMH, et al.
Case No. C 07-06476 VRW

-1-

Defendants CMH Records, Inc. and Vitamin Records, LLC (collectively, "Defendants"), in answer to the Complaint on file herein, admit, deny, and allege as follows:

1. Answering Paragraph 1 of the Complaint, Defendants deny that OCD International is a "dba" of CMH Records, Inc. Further answering Paragraph 1 of the complaint, Defendants admit the remaining allegations contained therein.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff has purported to state claims that arise under 28 U.S.C. §§ 1331, 1338, 1367, and 1498. Further answering Paragraph 2 of the Complaint, Defendants deny each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, Defendants admit that they sell computer downloads, CDs, tapes, and vinyl by mail, courier, direct sales, and through intermediaries, and that they place some sales into Northern California. Further answering Paragraph 3 of the Complaint, Defendants deny each and every allegation contained therein.

## THE PARTIES

4. Answering Paragraph 4 of the Complaint, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and, basing their denial on said grounds, denies, both generally and specifically, each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, Defendants admit that CMH Records, Inc. is a California corporation and that its mailing address is P. O. Box 39439, Los Angeles, California 90039. Further answering Paragraph 5 of the

ANSWER OF DEFENDANTS CMH RECORDS, INC.
AND VITAMIN RECORDS, LLC

Johnson v. CMH, et al.
Case No. C 07-06476 VRW

-2-

1  Complaint, except as expressly admitted, Defendants deny the allegations contained
2  therein.

3      6.    Answering Paragraph 6 of the Complaint, Defendants admit that OCD
4  International is a record label, and that its business mailing address is the same as
5  CMH's at P.O. Box 39439, Los Angeles, California 90039. Further answering
6  Paragraph 6 of the Complaint, except as expressly admitted, Defendants deny the
7  allegations contained therein.

8      7.    Answering Paragraph 7 of the Complaint, Defendants admit that Vitamin
9  Records, LLC is a California limited liability company. Further answering Paragraph
10  7 of the Complaint, except as expressly admitted, Defendants deny the allegations
11  contained therein.

12      8.    Answering Paragraph 8 of the Complaint, Defendants admit that CMH
13  and VR are commonly owned, and that they have a common agent for service of
14  process, common business mailing address, and street addresses. Further answering
15  Paragraph 8 of the Complaint, except as expressly admitted, Defendants deny the
16  remaining allegations contained therein.

17      9.    Answering Paragraph 9 of the Complaint, Defendants admit that Vitamin
18  Records operates as a record label. Further answering Paragraph 9 of the Complaint,
19  except as expressly admitted, Defendants deny the remaining allegations contained
20  therein.

21
22  **THE FACTS**

23      10.    Answering Paragraph 10 of the Complaint, Defendants lack information
24  or belief sufficient to enable them to respond to the allegations contained therein and,
25  basing their denial on said grounds, deny, both generally and specifically, each and
26  every allegation contained therein.

27
28

1    11.    Answering Paragraph 11 of the Complaint, Defendants admit that Vitamin Records, LLC and Keith Thorton a/k/a "Dr. Octagon" entered into a recording agreement in or around May 30, 2002.  Further answering Paragraph 11 of the Complaint, Defendants deny that Kool Keith had a record deal with CMH.  Further answering Paragraph 11 of the Complaint, Defendants lack information or belief sufficient to enable them to respond to the remaining allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every remaining allegation contained therein.

12.    Answering Paragraph 12 of the Complaint, Defendants admit that Fanatik J never signed Exhibit C to the Complaint.  Further answering Paragraph 12 of the Complaint, except as expressly admitted, Defendants deny the allegations contained therein.

13.    Answering Paragraph 13 of the Complaint, Defendants admit that Fanatik J never signed Exhibit D to the Complaint.  Further answering Paragraph 13 of the Complaint, except as expressly admitted, Defendants deny the allegations contained therein.

14.    Answering Paragraph 14 of the Complaint, Defendants deny that Fanatik J is the sole author and owner of the recordings at issue in this case.  Further answering Paragraph 14, Defendants lack information or belief sufficient to enable them to respond to the remaining allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every remaining allegation contained therein.

15.    Answering Paragraph 15 of the Complaint, Defendants admit that the CD titled "The Return of Dr. Octagon" by the artist Kool Keith includes fourteen tracks, that the CD received positive reviews, and that the CD's sales are fewer than 15,000, according to Nielson/SoundScan.  Further answering Paragraph 15, except as expressly admitted, Defendants deny the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Defendants admits that tracks on the CD contain fragments of sound recordings by the artist Kool Keith, on which Plaintiff purports to have been a producer.  Further answering Paragraph 16, except as expressly admitted, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

17. Answering Paragraph 17 of the Complaint, Defendants refer to and incorporates every allegation, admission, and denial set forth in Paragraphs 1 through 16, above.

18. Answering Paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Defendants deny each and every allegation contained therein.

23. Answering Paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein.

24. Answering Paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

25. Answering Paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

26. Answering Paragraph 26 of the Complaint, Defendants admit that Plaintiff seeks declaratory relief by this action. Further answering Paragraph 26 of the Complaint, except as expressly admitted, Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

27. Answering Paragraph 27 of the Complaint, Defendants refer to and incorporate every allegation, admission, and denial set forth in Paragraphs 1 through 16, and 18 through 26, above.

28. Answering Paragraph 28 of the Complaint, Defendants admit that they contracted with One Watt Sun and that One Watt Sun eventually used certain Kool Keith vocals purportedly originally recorded with the assistance of Fanatic J. Further answering Paragraph 28 of the Complaint, except as expressly admitted, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

### THIRD CLAIM FOR RELIEF

35. Answering Paragraph 35 of the Complaint, Defendants refer to and incorporate every allegation, admission, and denial set forth in Paragraphs 1 through 16, 18 through 26, and 28 through 34, above.

36. Answering Paragraph 36 of the Complaint, Defendants admit that they did not give Plaintiff a "credit" in the CD packaging, marketing, and publication materials. Further answering Paragraph 36 of the Complaint, except as expressly admitted, Defendants deny each and every remaining allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

### FOURTH CLAIM FOR RELIEF

38. Answering Paragraph 38 of the Complaint, Defendants refer to and incorporate every allegation, admission, and denial set forth in Paragraphs 1 through 16, 18 through 26, 28 through 34, and 36 through 37, above.

39. Answering Paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

40. Answering Paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

### ADDITIONAL CAUSES OF ACTION

41. Answering Paragraph 41 of the Complaint, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and,

1  basing their denial on said grounds, deny, both generally and specifically, each and
2  every allegation contained therein.
3       As and for their affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

42. The Complaint, and each and every purported claim for relief therein, fails to state valid claims for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

43. The Complaint, and each and every purported claim for relief therein, is barred by the doctrine of implied license.

### THIRD AFFIRMATIVE DEFENSE

44. The Complaint, and each and every purported claim for relief therein, is barred by the doctrine of joint authorship and/or co-authorship.

### FOURTH AFFIRMATIVE DEFENSE

45. The Complaint, and each and every purported claim for relief therein, is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

46. The Complaint, and each and every purported claim for relief therein, is barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

47. Defendants are informed and believe, and thereon allege, that the Complaint, and each and every purported claim for relief therein, is barred, in whole or in part, by reason of Plaintiff's inequitable conduct and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

48. The Complaint, and each and every purported claim for relief therein, are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

49. The Complaint, and each and every claim for relief therein, are barred by the statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

50. Plaintiff is barred from obtaining any relief that it now seeks by reason of Plaintiff's abandonment of its rights.

## TENTH AFFIRMATIVE DEFENSE

51. Plaintiff is barred from obtaining any relief that it now seeks by reason of Plaintiff's failure to make reasonable efforts to mitigate its alleged injury or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

52. Plaintiff is barred from recovery, in whole or in part, because Plaintiff consented, approved, acquiesced in, and/or ratified some or all of the conduct alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims for punitive damages are barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 7 of the California Constitution, in that such claims allow the trier of fact to award excessive damages awards which are grossly disproportionate to any actual harm suffered by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff is barred from obtaining injunctive relief because an adequate remedy at law exits.

## FOURTEENTH AFFIRMATIVE DEFENSE

55. Plaintiff is barred from recovery on the Complaint, as well as each and every alleged claim for relief therein, for failure to join indispensable parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

56. Defendants reserve the right to amend this answer, to assert additional affirmative defenses, and to supplement, alter, or change this answer upon discovery and investigation in this matter.

Dated: February 22, 2008

GRODSKY & OLECKI LLP
Allen B. Grodsky
Zachary Rothenberg

By  /Allen B. Grodsky/
    Allen B. Grodsky

Attorneys for Defendants CMH Records, Inc. and Vitamin Records, LLC.

# DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury.

Dated: February 22, 2008

GRODSKY & OLECKI LLP
Allen B. Grodsky
Zachary Rothenberg

By  /Allen B. Grodsky/
    Allen B. Grodsky

Attorneys for Defendants CMH Records, Inc. and Vitamin Records, LLC.

ANSWER OF DEFENDANTS CMH RECORDS, INC.
AND VITAMIN RECORDS, LLC

Johnson v. CMH, et al.
Case No. C 07-06476 VRW

-11-