Ray K. Shahani, Esq. SBN 160,814
Attorney at Law
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, California 94402-1854
Telephone: (650) 348-1444
Facsimile: (650) 348-8655

Attorney for Plaintiff
JEFFREY P. JOHNSON a.k.a. Fanatik J, an individual

Allen B. Grodsky (SBN 111064)
Zachary Rothenberg (SBN 215404)
Grodsky & Olecki LLP
2001 Wilshire Blvd., Ste. 210
Santa Monica, California 90403
310.315.3009 (phone)
310.315.1557 (fax)
allen@grodsky-olecki.com (e-mail)
zachary@grodsky-olecki.com (e-mail)

Attorneys for Defendants
CMH Records, Inc. and Vitamin Records, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. JOHNSON a.k.a. Fanatik J, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CMH RECORDS, INC., A California corporation dba OCD INTERNATIONAL, Vitamin Records, LLC, a California Limited Liability Company and Does 1 through 100, inclusive,<br><br>Defendants. | Case No: C 07-06476 VRW<br><br>The Honorable Vaughn R. Walker<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER.** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

1. Jurisdiction and Service:

This Court has subject matter jurisdiction over this Claim pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1498, because, *inter alia*, this is an action which involves claims arising under the U.S. copyright laws, as well as related state claims for unfair competition.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 1400 in that defendants, and each of them, are subject to personal jurisdiction in this district and this is the district in which acts of copyright infringement, conversion, interference with prospective advantage, slander, wirefraud, RICO violations and unfair competition were alleged to have been committed. Venue is also proper because Defendants' sell music in the form of computer downloads, CDs, tapes and vinyl by mail, courier, direct sales and sales through intermediaries, and that they place some sales into Northern California.

2. Plaintiff's Statement of Facts:

In 2002, known as a local Musician, Jeffrey Johnson, a.k.a Fanatik J, approached rap artist Keith Thornton a.k.a. Kool Keith to record tracks of music. Fanatik J developed all melodies and produced the entire recording. Kool Keith wrote lyrics and performed in the recording. The sound recording was named "The Return of Doctor Octagon" and was owned entirely by Fanatik J. Kool Keith is believed to have a record deal with VR and CMH to release his follow up album of 1996 "Dr. Octagon" (later retitled "Dr. Octagonecologyst"). "Dr. Octagon" was released by the Dreamworks record label. During July of 2002, Vitamin Records, LLC ("VR") had been negotiating with Fanatik J to purchase the ownership of "The Return of Doctor Octagon" sound recording. According to a draft contract dated July 1, 2002, VR recognized Fanatik J's ownership of the sound recording of "The Return of Doctor Octagon" and proposed to purchase the sound recording and

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER
Johnson v. CMH Records, Case No: 07-cv-06476-vrw     Page 2 of 10

Case No. C 06-0045 MJJ
Joint Case Management Statement-1.wpd

compensate Fanatik J in the form of royalty i.e. 3% of total sales of full price records. VR was planning to feature Fanatik J's sound recording in Kool Keith's forthcoming CD, which is a follow up to the commercially successful "Dr. Octagon". Fanatik J did not agree upon the proposed contract details and never signed the contract.

Subsequently, during January of 2003, CMH Records, Inc. ("CMH"), which is believed to have common operations as VR, again negotiated with Fanatik J for the purchase of "The Return of Dr. Octagon" sound recording. According to the contract presented by CMH, CMH again recognized Fanatik J's ownership of "The Return of Doctor Octagon" sound recording and offered the purchase price of $3,000. Again, Fanatik J did not agree upon details of the proposed contract and in fact never signed the contract. On March 20, 2006, Fanatik J caused to be filed an application for registration of copyright for a sound recording application for the entire recording session of "The Return of Doctor Octagon". The application is registered with effective date of registration of March 20, 2006 and Registration No. SRu617-746. Fanatik J is the sole author and owner of the copyright registration. On June 27, 2006, CMH released the CD titled "The Return of Dr. Octagon" by the artist Kool Keith. The CD features fourteen (14) tracks of music. Approximately five (5), or more or less subject to proof at trial, of the original fourteen (14) tracks on the CD "The Return of Dr. Octagon" viz. Track Nos. 8, 9, 11, 12 and 13 all feature fragments of Fanatik J's original sound recording "The Return of Doctor Octagon". Fanatik J was not informed by Defendants or Kool Keith of the use of his copyrighted sound recording nor was Fanatik J compensated in any way by Defendants or Kool Keith for their use of his sound recordings.

Defendants' Disputes of Fact:

OCD International ("OCD") is a record label that is owned and run by Defendant Vitamin Records, LLC ("Vitamin"). The Complaint incorrectly states that OCD is a "d/b/a" of Defendant CMH Records, Inc. ("CMH"). In fact, OCD is a "d/b/a" of Vitamin. CMH operates as a separate record label, distributor and online retailer.

Non-party Keith Thornton ("Kool Keith") is a musician who was under contract with Vitamin records during the relevant time period. In 2002, consistent with his contract with Vitamin,

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER
Johnson v. CMH Records, Case No: 07-cv-06476-vrw    Page 3 of 10

Case No. C 06-0045 MJJ
Joint Case Management Statement-1.wpd

1  Kool Keith delivered to Defendants musical recordings of certain "rap" songs written and performed
2  by Kool Keith. Per contract, the musical recordings were a "work for hire" of which Vitamin was
3  the sole owner, and which Defendants were thus authorized to use in the production of "The Return
4  of Dr. Octagon."
5       Defendants are informed that Plaintiff participated in the recording of Kool Keith's
6  performance. Due to the poor quality of the music and recordings originally delivered by Kool
7  Keith, Defendants were required (at significant expense) to re-record the majority of the sound
8  recordings that became "The Return of Dr. Octagon." Defendants were able to salvage portions of
9  several of the tracks originally delivered by Kool Keith by using a version consisting only of Kool
10 Keith's "a capella" vocals. In other words, the final tracks that are featured on "The Return of Dr.
11 Octagon" did not include any trace of the "melodies" allegedly created by Plaintiff.
12      On the basis of these facts, Defendants dispute that Plaintiff has any ownership rights to any
13 of the sound recordings featured on "The Return of Dr. Octagon."
14      Even if Plaintiff owned some portion of some of the sound recordings, he did so as joint
15 author, either with Kool Keith (who authorized Defendants' use of the recordings), or with Vitamin
16 (based on the "work for hire" agreement).
17      Defendants also dispute that they ever "recognized" Plaintiff's ownership of any portion of
18 "The Return of Dr. Octagon." The draft agreements that Defendants presented to Plaintiff were
19 intended to compensate Plaintiff for producer services – not for the purchase of the sound recordings.
20 Defendants agree with Plaintiff that no agreement between Plaintiff and Defendants was ever
21 executed.
22      Sales of "The Return of Dr. Octagon" were approximately 16,000 units. There were no after-
23 cost profits from the sales of "The Return of Dr. Octagon."

25 3.   The principal legal issues which the parties dispute:
26      Was Plaintiff an owner of any portions of any of the sound recordings on "The Return of Dr.
27 Octagon"?
28      If Plaintiff was an owner, was it as co-author with Kool Keith and/or Defendants?

Did Kool Keith convey to Defendants any rights to sound recordings featured in "The Return of Dr. Octagon"?

Did Kool Keith have authority to convey to Defendants certain recordings on "The Return of Dr. Octagon"?

Did Defendants infringe Plaintiff's copyright by publishing music without Plaintiff's permission or authorization?

4. <u>Motions</u>:

There are no current pending motions.

Defendants anticipate filing a motion for summary judgment.

5. <u>Amendment of Pleadings</u>:

There are no current amendments expected to be added to or dismissed from the pleadings at this time.

6. <u>Evidence Preservation</u>:

The parties have been advised to preserve all evidence and preserve documents as is. Defendants have so complied.

7. <u>Disclosures</u>:

The appearing parties have fully and timely complied with the initial disclosure requirement of Fed. R. Civ. P. 26.

8. <u>Discovery</u>:

Currently there has been no initiation of discovery taken to date. There are currently no proposed limitations or modifications of the discovery rules. Discovery will be pursuant to Fed. R. Civ. P. 26 (f).

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER
Johnson v. CMH Records, Case No: 07-cv-06476-vrw   Page 5 of 10

Case No. C 06-0045 MJJ
Joint Case Management Statement-1.wpd

*A discovery plan must state the parties' views and proposals on:*

*(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;*

*(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*

*(C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;*

*(D) any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order;*

*(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and*

*(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

9. <u>Class Actions</u>:

The case at hand is not a class action.

10. <u>Related Cases</u>:

There are no related cases or proceedings pending before another judge of this court or before another court or administrative body.

11. <u>Relief</u>:

<u>Plaintiff's Position</u>

The Plaintiff seeks to recover from the defendant for continuously engaged in intentional and willful unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable damage in an amount to be proven at the time of trial, but which is at least $1,000,000, as against all Defendants, and each of them jointly and severally. United States Code Title 17 § 504. Remedies for infringement: Damages and profits, states an infringer of copyright is liable for either the copyright owner's actual damages and any additional profits of the infringer or statutory damages. The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages

and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. The is up to 5 separate violation of copyright by defendant which entitles Plaintiff to recover $750,000. In any civil action under this title, the court in its discretion may allow the recovery of full costs of attorney's fees by or against any party other than the United States or an officer thereof.

Defendants' Position

As set forth above, Defendants dispute that they used Plaintiff's copyrighted materials. Plaintiff did not have any ownership interest in the sound recordings and, if he did, it was as co-author with Mr. Thornton (who authorized the use), or with Defendants themselves. As such, Defendants anticipate a verdict of no liability, and that they will be entitled to recover their attorney's fees from Plaintiff.

Even if infringement is found as to all five alleged violations, infringement will not be found to be willful. Accordingly, Plaintiff's statutory damages would be limited to a range of $3,750 to $150,000.

There are no actual damages, since Defendants received no after-cost profits from the sale of "The Return of Dr. Octagon."

12. <u>Settlement and ADR</u>:

The parties are agreeable to ADR and will do so in compliance with ADR L.R. 3-5.

13. <u>Consent to Magistrate Judge For All Purposes</u>:

Plaintiff consents to assignment of this case to a United States Magistrate Judge for Trial:

__X__ Yes   _____ No

Defendants <u>do not</u> consent to assignment of this case to a United States Magistrate Judge for

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER
Johnson v. CMH Records, Case No: 07-cv-06476-vrw   Page 7 of 10

Case No. C 06-0045 MJJ
Joint Case Management Statement-1.wpd

all purposes.

___ Yes   _X_ No

14. <u>Other References</u>:

None.

15. <u>Narrowing of Issues</u>:

The parties agree to stipulate to the following facts:

    that there were no executed agreements between Plaintiff and Defendants;

    that "The Return of Dr. Octagon" did not feature any melodies allegedly created by Plaintiff.

Defendants are also optimistic that actual damages, including Defendants' profits, can be conclusively determined and stipulated to, in the event liability is established.

16. <u>Expedited Schedule</u>:

This case is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>:

<u>The parties request the following dates</u>:

| | |
|---|---|
| Trial date: | February 2009 |
| Pre-trial Conference: | January 2009 |
| Dispositive Motion Hearing Cut-off: | November 2008 |
| Discovery Cut-off: | November 2008 |
| Expert Designations: | September 2008 |

18. <u>Trial</u>:

The parties request a trial by jury. The parties expect that the trial will last for 5 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons:</u>

<u>Plaintiff's Position</u>

None

<u>Defendant's Position</u>

Keith Thornton

20. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:</u>

None.

Date: 4-18-2008         Plaintiff's Counsel    _____
                                                   Signature

                        Plaintiff's Counsel    Ray K. Shahani, Esq.
                                                   Printed Name

Date: 4-21-2008         Defendant's Counsel   _____
                                                   Signature

                        Defendant's Counsel   Zachary Rothenberg
                                                   Printed Name

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*

*a. Referral of the parties to court or private ADR process;*

*b. Schedule a further Case Management Conference;*

*c. Schedule the time and content of supplemental disclosures;*

Ray K. Shahani, Esq., Attorney at Law
Technology and Intellectual Property Matters
477 Ninth Avenue, Suite 112, San Mateo, CA 94402 Tel: (650) 348-1444 Fax: (650) 348-8655 Email: rks@attycubed.com Website: attycubed.com

Ray K. Shahani, Esq., Attorney at Law
Technology and Intellectual Property Matters
477 Ninth Avenue, Suite 112, San Mateo, CA 94402 Tel: (650) 348-1444 Fax: (650) 348-8655 Email: rks@attycubed.com Website: attycubed.com

    d. *Specially set motions;*
    e. *Impose limitations on disclosure or discovery;*
    f. *Set time for disclosure of identity, background and opinions of experts;*
    g. *Set deadlines for completing fact and expert discovery;*
    h. *Set time for parties to meet and confer regarding pretrial submissions;*
    I. *Set deadline for hearing motions directed to the merits of the case;*
    j. *Set deadline for submission of pretrial material;*
    k. *Set date and time for pretrial conference;*
    l. *Set a date and time for trial.]*

IT IS SO ORDERED.

Date: _____

                                                  **VAUGHN R. WALKER**
                                                United States District Judge

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER                                                             Case No. C 06-0045 MJJ
Johnson v. CMH Records, Case No: 07-cv-06476-vrw     Page 10 of 10             Joint Case Management Statement-1.wpd

**PROOF OF SERVICE**

I, Leo Lai, declare:

      I am a law clerk for the offices of Ray Shahani in the County of San Mateo, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 477 Ninth Avenue, Suite 112, San Mateo, California 94402. I am personally familiar with the business practice of Ray K. Shahani, Attorney at Law. On <u>April 21, 2008</u>, I served the following document(s):

    **1.**    **Joint CMC Statement and Proposed Order**

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

Mr. Allen B. Grodsky, Esq.
Mr. Zachary Rothenberg, Esq.
Grodsky & Olecki, LLP
2001 Wilshire Blvd., Ste. 210
Santa Monica, California 90403
Phone: 310.315.3009
Fax: 310.315.1557
allen@grodsky-olecki.com
Zachary@grodsky-olecki.com

_____ (By First Class Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Ray K. Shahani, Attorney at Law.

_____ (By Express Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Ray K. Shahani, Attorney at Law.

_____ (By Hand) I caused each envelope to be delivered by hand to the offices listed above.

_____ (By Facsimile/Telecopy) I caused each document to be sent by Automatic Facsimile/Telecopier to the number(s) indicated above.

  _X_  (By Electronic Mail) I caused each document to be sent by Electronic Mail to the email address(es) indicated above.

      I declare under penalty of perjury under the law of the State of California that the above is true and correct and that is declaration was executed at San Mateo, California.

DATED: <u>April 21, 2008</u>                                          /Leo Lai/
                                                                                    Leo Lai