Ray K. Shahani, Esq. SBN 160,814
Attorney at Law
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, California 94402-1854
Telephone: (650) 348-1444
Facsimile: (650) 348-8655

Attorney for Plaintiff
JEFFREY P. JOHNSON aka Fanatik J, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. JOHNSON aka Fanatik J, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CMH RECORDS, INC., a California corporation dba OCD INTERNATIONAL, Vitamin Records, LLC, a California Limited Liability Company and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: C07-06476 VRW<br><br>FIRST AMENDED COMPLAINT<br><br>[FRCivP Rule 15(a)]<br><br>[JURY TRIAL DEMANDED] |

### First Claim

1.      Plaintiff JEFFREY P. JOHNSON aka FANATIK J, an Individual ("FANATIK J") for his claims against defendants CMH RECORDS, INC., a California corporation dba OCD INTERNATIONAL ("CMH"), Vitamin Records, LLC, a California Limited Liability Company ("VR") and DOES 1 through 100, inclusive, alleges the followings:

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction over this Claim pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1498, because, *inter alia*, this is an action which involves claims arising under the U.S. copyright laws, as well as related state claims for unfair competition.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 1400 in

First Amended Complaint of Course
FANATIKJ v. CMH et al.
Page 1 of 13
v. 1stAmendedComplaint 072108-1.wpd

1  that defendants, and each of them, are subject to personal jurisdiction in this district and this is
2  the district in which acts of copyright infringement, conversion, interference with prospective
3  advantage, slander, wirefraud, RICO violations and unfair competition were committed. Venue is
4  also proper because Defendants' sell music in the form of computer downloads, CDs, tapes and
5  vinyl by mail, courier, direct sales and sales through other third party wholesale and retail
6  intermediaries, over the internet and into Northern California regularly and on a systematic basis.

## The Parties

9  4.    JEFFREY P. JOHNSON a.k.a. FANATIK J is an individual who resides in San
10 Mateo, California, in the music industry.
11 5.    Upon information and belief, defendant CMH RECORDS, INC. is a California
12 corporation with its principal address of business at 1800 Century Park E., 8th Floor, Los
13 Angeles, California and business mailing address at P.O. Box 39439, Los Angeles, California
14 90039.
15 6.    Upon information and belief, defendant OCD INTERNATIONAL is a record
16 label owned and run by CMH with its business mailing address the same as CMH's at P.O. Box
17 39439, Los Angeles, California 90039.
18 7.    Upon information and belief, defendant Vitamin Records, LLC is a California
19 limited liability company with its principal address of business at 2894 Rowena Avenue, Suite A,
20 Los Angeles, California 90030.
21 8.    Upon information and belief, both CMH and VR are commonly owned and
22 operated as they have common agent for service of process, Mr. Richard S. Grant and business
23 mailing address at P.O. Box 39439, Los Angeles, California 90039 and neighboring street
24 addresses. (Exhibit A)
25 9.    Upon information and belief, VR operates as a record label and a music retailer
26 that sells music in the form of CD, vinyl, tapes, download etc. via the business website
27 www.vitaminrecords.com. (Exhibit B)

## The Facts

10. In 2002, known as a local Musician, FANATIK J FANATIK J had written, named and performed a number of musical compositions completely independently. FANATIK J approached rap artist Keith Thornton a.k.a. Kool Keith to record tracks of rap recording in *a cappella* style to FANATIK J's previously written, titled and self-performed musical compositions.. FANATIK J developed all melodies and produced the entire recording. Kool Keith wrote his own lyrics and performed in the subsequent recordings. The musical compositions themselves, the musical instrument performances, and the sound recordings were named "The Return of Doctor Octagon" and were owned entirely by FANATIK J.

11. Kool Keith is believed to have a record deal with VR and CMH to release his follow up album of 1996 "Dr. Octagon" (later retitled "Dr. Octagonecologyst"). "Dr. Octagon" was released by the Dreamworks record label and was a huge commercial success.

12. During July of 2002, Vitamin Records, LLC ("VR") had been negotiating with FANATIK J to purchase the ownership of "The Return of Doctor Octagon" sound recording. According to a draft contract dated July 1, 2002, VR recognized FANATIK J's ownership of the sound recording of "The Return of Doctor Octagon" and proposed to purchase the sound recording and compensate FANATIK J in the form of royalty i.e. 3% of total sales of full price records (Exhibit C). VR was planning to feature FANATIK J's musical compositions, track titles and actual sound recordings in Kool Keith's forthcoming CD, which was a follow up to the commercially successful "Dr. Octagon". FANATIK J did not agree upon the proposed contract details and never signed the contract.

13. Subsequently, during January of 2003, CMH Records, Inc. ("CMH"), which is believed to have common operations as VR, again negotiated with FANATIK J for the purchase of "The Return of Dr. Octagon" sound recording. According to the contract presented by CMH, CMH again recognized FANATIK J's ownership of "The Return of Doctor Octagon" sound recording and offered the purchase price of $3,000 (Exhibit D). Again, FANATIK J did not agree upon details of the proposed contract and in fact never signed the contract.

14.   On March 20, 2006, FANATIK J caused to be filed an application for registration of copyright for a sound recording application for the entire recording session of "The Return of Doctor Octagon". The application is registered with effective date of registration of March 20, 2006 and Registration No. SRu617-746. FANATIK J is the sole author and owner of the copyright registration. (Exhibit E)

15.   On June 27, 2006, CMH released the CD titled "The Return of Dr. Octagon" by the artist Kool Keith. The CD features fourteen (14) tracks of music. Since the CD launch, it has garnered rave review and commercial success and sales are believed to have reached thousands of copies and millions of dollars.

16.   Approximately five (5), or more or less subject to proof at trial, of the original fourteen (14) tracks on the CD "The Return of Dr. Octagon" viz. Track Nos. 8, 9, 11, 12 and 13 were composed and named by FANATIK J. The underlying musical compositions were written and originally performed by FANATIK J. All 5 of the subject infringing tracks feature fragments of FANATIK J's original sound recording "The Return of Doctor Octagon". FANATIK J was not informed by Defendants or Kool Keith of the use of his copyrighted sound recording nor was FANATIK J compensated in any way by Defendants or Kool Keith for their use of his sound recordings.

### FIRST CAUSE OF ACTION
### (Copyright Infringement)

17.   Plaintiff repeats and realleges Paragraphs 1 through 16 above, and incorporates them herein by reference as if set forth in full.

18.   Plaintiff produced and is the sole owner of copyrighted sound recording "The Return of Dr. Octagon". Plaintiff wrote the underlying musical compositions, named the tracks and first performed the music. Plaintiff also made the original sound recordings and the subsequent sound recordings including the voice of Kool Keith.

19.   Defendants VR and CMH had knowledge that Plaintiff is the sole owner of the

sound recording "The Return of Doctor Octagon" and acknowledged this fact in two separate written contracts with monetary offers. Defendants had knowledge of the rightful owner of the music and recordings, prior to their unauthorized and intentional release.

20. Defendants have intentionally and willfully copied significant and substantial portions of plaintiff's copyrighted materials without authorization, permission, consent or approval of plaintiff.

21. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyright of the above-referenced work. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyright in his respective work as referenced above.

22. Defendants' intentional and willful conduct, which includes sale of the CD "The Return of Dr. Octagon" and related products and services over retail stores and the internet and into California, violates the exclusive rights belonging to plaintiff as owner of the copyrights, including without limitation plaintiff's rights under 17 U.S.C. § 106.

23. On information and belief, plaintiff alleges that, as a direct and proximate result of their wrongful intentional and willful conduct, defendants have realized and continue to realize profits and other benefits rightfully belonging to plaintiff. Accordingly, plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505. Plaintiff FANATIK J has been damaged in an amount to be determined at trial which is in excess of the jurisdictional minimum of this Honorable Court, but is not less than $1,000,000.00.

24. Defendants' intentional and willful infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the plaintiff with no adequate remedy at law.

25. On information and belief, Defendants CMH RECORDS, INC., a California corporation dba OCD INTERNATIONAL, Vitamin Records, LLC, a California Limited Liability Company and DOES 1 through 100, inclusive, have willfully engaged in, and are willfully and

1  intentionally engaging in, the acts complained of with oppression, fraud, and malice, and in
2  conscious disregard of the rights of plaintiff. Plaintiff contends that Defendants acted with full
3  knowledge of the consequences and damage being caused to Plaintiff by their wrongful and
4  fraudulent conduct, statements and omissions. Plaintiff are, therefore, entitled to the maximum
5  statutory damages allowable and attorneys fees of at least $1,000,000.00.
6      26.    As a consequence of this dispute between the parties as to the rights, title and
7  interest in the copyrighted materials described above, and pursuant to the Federal Declaratory
8  Judgment Act, 28 U.S.C. §§ 2201 and 2202, plaintiffs also seek a resolution of this ongoing
9  controversy by a declaration of this Court as to the rights of the respective parties in this matter.

## SECOND CAUSE OF ACTION

### (Conversion)

12      27.    Plaintiff hereby repeats and realleges Paragraphs 1 through 26 above, and
13  incorporates them herein by reference as if set forth in full.
14      28.    Between July 2002 and June 2006, Defendants presumably contracted with a
15  production team by the name of One Watt Sun to produce the album "The Return of Dr.
16  Octagon". (Exhibit F) Defendants and One Watt Sun eventually used a mix of the original sound
17  recording by FANATIK J with new materials by Kool Keith to complete the album "The Return
18  of Dr. Octagon". Defendants and One Watt Sun re-produced the original musical compositions
19  written and named by FANATIK J. Defendants and One Watt Sun utilized the actual sound
20  recordings of Kool Keith's rapping to music written and performed by FANATIK J. Defendants
21  and One Watt Sun used the titles originally created by FANATIK J.
22      29.    At no time ever did FANATIK J give permission for any of defendants to access
23  and use the sound recording to produce an album.
24      30.    Upon information and belief, Defendants CMH RECORDS, INC., a California
25  corporation dba OCD INTERNATIONAL, Vitamin Records, LLC, a California Limited Liability
26  Company and DOES 1 through 100, inclusive, by and through their employees and independent
27  contractors, including One Watt Sun, gained access to the sound recording which FANATIK J
28

developed and owned. Defendants did not have permission to make copies of any part of Plaintiff's sound recording, nor did any of Defendants ever have permission to copy, reproduce, remix or use Plaintiff's sound recording.

31. Until the time Defendants misappropriated and converted Plaintiff's sound recording, Plaintiff was the sole, lawful possessor of the sound recording and no other entity was entitled to its possession.

32. Upon information and belief, Defendants intentionally and willfully converted the musical composition, track titles and sound recording to their own use by incorporating it into Kool Keith's CD "The Return of Dr. Octagon", which is released by Defendants, without permission of Plaintiff. Defendants exercised this right of ownership over the sound recording even though Defendants did not have the right to do so.

33. All rights of ownership to the sound belong to Plaintiff. At no time did Defendant have any right to take, copy, convert, or otherwise use Plaintiff's sound recording.

34. Plaintiff has been damaged as a result of Defendant's conversion of Plaintiff's sound recording. Plaintiff has lost sales, time to approach buyers for the sound recording and eventually had to compete with his own work. Plaintiff is entitled to recover damages from Defendant for unlawful conversion of Plaintiff's property, which is at least $1,000,000.00.

## THIRD CAUSE OF ACTION

### (Interference with Prospective Advantage)

35. Plaintiff hereby repeats and realleges Paragraphs 1 through 34 above, and incorporates them herein by reference as if set forth in full.

36. Defendants knowingly used Plaintiff's copyrighted sound recording and contracted an outside party to remix, mask and alter the sound recording and include it in "The Return of Dr. Octagon" CD. Defendants intentionally did not credit Plaintiff's work and sound recording in any of the CD's packaging, marketing and publication materials. (Exhibit G).

37. By engaging in the conduct of concealing Plaintiff's involvement in the commercially successful and critically acclaimed CD "The Return of Dr. Octagon", Plaintiff

suffers damages in loss of opportunities in the music business and advancement in engaging in prospective record labels, producers, artists, etc. Plaintiff has been damaged in an amount to be determined at trial which is in excess of the jurisdictional minimum of this Honorable Court, but is not less than $1,000,000.00.

## FOURTH CAUSE OF ACTION

### (Unfair Competition)

38. Plaintiff hereby repeats and realleges Paragraphs 1 through 37 above, and incorporates them herein by reference as if set forth in full.

39. The Defendants, and each of them, conduct alleged above constitutes unlawful, unfair or fraudulent business practices in violation of California Business & Professions Code §§ 17200 et seq. Defendants induced Plaintiff into providing them with a copy of his copyright protected vocal recordings of Kool Keith with the implied promise that they would either compensate him for their use thereof or that they would refrain from using it. Defendants did neither. After negotiations broke down, Defendants went ahead and published the music originally recorded by Plaintiff, and failed to compensate Plaintiff in any way therefor.

40. The Defendants, and each of them, have continuously engaged in intentional and willful unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable damage in an amount to be proven at time of trial, but which is at least $1,000,000.00, as against all Defendants, and each of them, jointly and severally.

## FIFTH CAUSE OF ACTION

### (Constructive Trust)

41. Plaintiff hereby repeats and realleges Paragraphs 1 through 40 above, and incorporates them herein by reference as if set forth in full.

42. The Defendants, and each of them, are liable to Plaintiff under the theory of Constructive Trust in an amount equal to or greater than all amounts they have paid to Kool Keith. Defendants had complete knowledge and notice of the true ownership of the musical compositions, title naming rights and sound recordings. Upon obtaining a copy of Plaintiff's

copyright protected musical compositions and sound recordings of Kool Keith, Defendants paid at least $30,000 directly to Kool Keith, but failed to pay Plaintiff any amount. Defendants have since failed to compensate Plaintiff in any way therefor. Defendant's were legally obligated to compensate both Kool Keith as the vocalist as well as FANATIK J as sole original author and sole original composer and writer of the underlying musical compositions, writer of the titles and sound recording producer. As sophisticated record producers, Defendants knew that they did not acquire all the rights in the music from Kool Keith. Defendants knew that Kool Keith was neither a joint author or co-owner of the underlying musical compositions, original sound recordings or track titles. If Defendants believed that Plaintiff was even a joint author or co-owner of the copyrighted musical sound recordings, it would have been incumbent upon them to have paid Plaintiff ast least as much as they paid Kool Keith or an amount to compensate Plaintiff directly for his portion of copyright licensing royalty proceeds.

40. The Defendants, and each of them, should have paid substantial amounts to Plaintiff but they paid it to Kool Keith and others, to Plaintiff's irreparable damage in an amount to be proven at time of trial, but which is at least $1,000,000.00, as against all Defendants, and each of them, jointly and severally.

## ADDITIONAL CAUSES OF ACTION

41. Plaintiff FANATIK J reserves the right to amend the facts and allegations of these pleadings as necessary and as indicated by the facts as revealed to Plaintiff through discovery and as permitted by FRCP, the laws of this State and the United States, and as allowed under the notions of fair play and substantial justice.

## PRAYER

Wherefore plaintiff demands judgment as follows:

1. The Defendants, and each of them, be preliminarily and permanently enjoined against infringement of said copyrights.

2. The Defendants, and each of them, render an accounting for all profits from use of the sound recording and CD by members of the public and from downloading of music tracks

1. which Defendants, and each of them, received by infringing said copyrights.

2. 3. Ordering an injunction permanently enjoining each of the Defendants collectively and individually, their agents, directors, officers, servants, owners, shareholders and employees, and all those in privity with the named Defendants from using the sound recording of FANATIK J or any variant thereof in any manner, directly or indirectly, and from marketing, advertising, labeling, promoting, exploiting, for music CD, or similar or related goods or services, and from engaging in unfair competition against FANATIK J and from defaming FANATIK J in connection with the providing of software coding products or services.

3. 4. Ordering an accounting of the gains and profits realized by the Defendants collectively and individually from all the aforementioned wrongful acts;

4. 5. Requiring the Defendants collectively and individually to cause to be destroyed any material in their possession bearing a reproduction or remix of the sound recording or any variant thereof, including without limitation: signs, brochures, packages, wrappers, advertisements, flyers, testimonials, labels, invoices, fax cover sheets, computer files, electronic data, computers and computer servers, digital storage media, floppy disks, CDs, DVDs, and any other printed material.

5. 6. Awarding FANATIK J punitive damages from the Defendants collectively and individually to punish Defendants for their willful and reckless indifference to the rights of other exemplified by their willful misappropriation of Plaintiff's sound recording or any variant thereof and for the unfair competition practiced by Defendants against Plaintiff;

6. 7. Ordering Defendants, under 15 U.S.C. § 1116, to file with the Court and serve on plaintiff and its attorney(s) of record a report in writing under oath setting forth in detail the manner and form in which Defendants collectively and individually have complied with the terms of the judgment, and injunction; and

7. 8. For damages sufficient to compensate plaintiff for copyright infringement under 17 U.S.C. § 504, conversion, interference with prospective advantage, and unfair business practice, each in excess of $1,000,000.00.

9.      For damages for lost business profits, profoundly depressed financial situation resulting in adverse judgments, bad credit, lack of utilities, past due rent, other amounts past due and owing, and other costs to develop the sound recording "The Return of Doctor Octagon".

10.     For treble damages and for an award of special damages.

11.     For costs and reasonable attorney fees of the subject litigation and interest as allowable by law, including but not limited to pursuant to 17 U.S.C. § 505.

12.     For such other and further relief as the court may deem just and proper.

///

First Amended Complaint of Course
FANATIKJ v. CMH et al.
Page 11 of 13
v. 1stAmendedComplaint 072108-1.wpd

1  Respectfully submitted,

2                                          RAY K. SHAHANI
                                           ATTORNEY AT LAW
3
   Dated: July 22, 2008          By:       _____
4          30                              Ray K. Shahani, Esq.
                                           **Attorney for Plaintiff FANATIK J**
5

6
                          **DEMAND FOR JURY TRIAL**
7
   Plaintiff JEFFREY P. JOHNSON aka FANATIK J hereby demands a jury trial pursuant
8  to Federal Rules of Civil Procedure 38.

9  Dated: July 22, 2008          By:       _____
                                           Ray K. Shahani, Esq.
10         30                              **Attorney for Plaintiff FANATIK J**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, Leo Lai, declare:

I am a law clerk for the offices of Ray Shahani in the County of San Mateo, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 477 Ninth Avenue, Suite 112, San Mateo, California 94402. I am personally familiar with the business practice of Ray K. Shahani, Attorney at Law. On July 30, 2008, I served the following document(s):

1. **FIRST AMENDED COMPLAINT OF COURSE**

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

Mr. Allen B. Grodsky, Esq.
Mr. Zachary Rothenberg, Esq.
Grodsky & Olecki, LLP
2001 Wilshire Blvd., Ste. 210
Santa Monica, California 90403
Phone: 310.315.3009
Fax: 310.315.1557
allen@grodsky-olecki.com
Zachary@grodsky-olecki.com

\_\_\_\_ (By First Class Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Ray K. Shahani, Attorney at Law.

\_\_\_\_ (By Express Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Ray K. Shahani, Attorney at Law.

\_\_\_\_ (By Hand) I caused each envelope to be delivered by hand to the offices listed above.

\_\_\_\_ (By Facsimile/Telecopy) I caused each document to be sent by Automatic Facsimile/Telecopier to the number(s) indicated above.

__X__ (By Electronic Mail) I caused each document to be sent by Electronic Mail to the email address(es) indicated above.

I declare under penalty of perjury under the law of the State of California that the above is true and correct and that is declaration was executed at San Mateo, California.

DATED: July 22, 2008                                       _____
                                                                                  Leo Lai