ALLEN B. GRODSKY (SBN 111064)
ZACHARY ROTHENBERG (SBN 215404)
GRODSKY & OLECKI LLP
2001 Wilshire Blvd., Ste. 210
Santa Monica, California 90403
310.315.3009 (phone)
310.315.1557 (fax)
allen@grodsky-olecki.com (e-mail)
zachary@grodsky-olecki.com (e-mail)

Attorneys for Defendants
CMH Records, Inc., dba OCD International,
and Vitamin Records, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. JOHNSON aka Fanatik J, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CMH RECORDS, INC., a California corporation dba OCD INTERNATIONAL, Vitamin Records, LLC, a California Limited Liability Company and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 07-06476 VRW<br><br>The Honorable Vaughn R. Walker<br><br>**ANSWER OF DEFENDANTS CMH RECORDS, INC. AND VITAMIN RECORDS, LLC TO FIRST AMENDED COMPLAINT** |

ANSWER TO FIRST AMENDED COMPLAINT

-1-

Johnson v. CMH, et al.
Case No. C 07-06476 VRW

Defendants CMH Records, Inc. and Vitamin Records, LLC (collectively, "Defendants"), in answer to the First Amended Complaint ("FAC") on file herein, admit, deny, and allege as follows:

1. Answering Paragraph 1 of the FAC, Defendants deny that OCD International is a "dba" of CMH Records, Inc. Further answering Paragraph 1 of the FAC, Defendants admit the remaining allegations contained therein.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the FAC, Defendants admit that Plaintiff has purported to state claims that arise under 28 U.S.C. §§ 1331, 1338, 1367, and 1498. Further answering Paragraph 2 of the FAC, Defendants deny each and every allegation contained therein.

3. Answering Paragraph 3 of the FAC, Defendants admit that they sell computer downloads, CDs, tapes, and vinyl by mail, courier, direct sales, and through intermediaries, and that they place some sales into Northern California. Further answering Paragraph 3 of the FAC, Defendants deny each and every allegation contained therein.

## THE PARTIES

4. Answering Paragraph 4 of the FAC, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and, basing their denial on said grounds, denies, both generally and specifically, each and every allegation contained therein.

5. Answering Paragraph 5 of the FAC, Defendants admit that CMH Records, Inc. is a California corporation and that its mailing address is P. O. Box 39439, Los Angeles, California 90039. Further answering Paragraph 5 of the FAC, except as expressly admitted, Defendants deny the allegations contained therein.

6. Answering Paragraph 6 of the FAC, Defendants admit that OCD International is a record label, and that its business mailing address is the same as CMH's at P.O. Box 39439, Los Angeles, California 90039. Further answering Paragraph 6 of the FAC, except as expressly admitted, Defendants deny the allegations contained therein.

7. Answering Paragraph 7 of the FAC, Defendants admit that Vitamin Records, LLC is a California limited liability company. Further answering Paragraph 7 of the FAC, except as expressly admitted, Defendants deny the allegations contained therein.

8. Answering Paragraph 8 of the FAC, Defendants admit that CMH and VR are commonly owned, and that they have a common agent for service of process, common business mailing address, and street addresses. Further answering Paragraph 8 of the FAC, except as expressly admitted, Defendants deny the remaining allegations contained therein.

9. Answering Paragraph 9 of the FAC, Defendants admit that Vitamin Records operates as a record label. Further answering Paragraph 9 of the FAC, except as expressly admitted, Defendants deny the remaining allegations contained therein.

## THE FACTS

10. Answering Paragraph 10 of the FAC, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every allegation contained therein.

11. Answering Paragraph 11 of the FAC, Defendants admit that Vitamin Records, LLC and Keith Thorton a/k/a "Dr. Octagon" entered into a recording agreement in or around May 30, 2002. Further answering Paragraph 11 of the FAC, Defendants deny that Kool Keith had a record deal with CMH. Further answering Paragraph 11 of the FAC, Defendants lack information or belief sufficient to enable

them to respond to the remaining allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every remaining allegation contained therein.

    12. Answering Paragraph 12 of the FAC, Defendants admit that Fanatik J never signed Exhibit C to the FAC. Further answering Paragraph 12 of the FAC, except as expressly admitted, Defendants deny the allegations contained therein.

    13. Answering Paragraph 13 of the FAC, Defendants admit that Fanatik J never signed Exhibit D to the FAC. Further answering Paragraph 13 of the FAC, except as expressly admitted, Defendants deny the allegations contained therein.

    14. Answering Paragraph 14 of the FAC, Defendants deny that Fanatik J is the sole author and owner of the recordings at issue in this case. Further answering Paragraph 14, Defendants lack information or belief sufficient to enable them to respond to the remaining allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every remaining allegation contained therein.

    15. Answering Paragraph 15 of the FAC, Defendants admit that the CD titled "The Return of Dr. Octagon" by the artist Kool Keith includes fourteen tracks, that the CD received positive reviews, and that the CD's sales are fewer than 15,000, according to Nielson/SoundScan. Further answering Paragraph 15, except as expressly admitted, Defendants deny the allegations contained therein.

    16. Answering Paragraph 16 of the FAC, Defendants admits that tracks on the CD contain fragments of sound recordings by the artist Kool Keith, on which Plaintiff purports to have been a producer. Further answering Paragraph 16, except as expressly admitted, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every allegation contained therein.

ANSWER TO FIRST AMENDED COMPLAINT

-4-

Johnson v. CMH, et al.
Case No. C 07-06476 VRW

## FIRST CLAIM FOR RELIEF

17. Answering Paragraph 17 of the FAC, Defendants refer to and incorporates every allegation, admission, and denial set forth in Paragraphs 1 through 16, above.

18. Answering Paragraph 18 of the FAC, Defendants deny that Plaintiff is the sole owner of the copyrighted sound recording "The Return of Dr. Octagon." Further answering Paragraph 18 of the FAC, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every allegation contained therein.

19. Answering Paragraph 19 of the FAC, Defendants deny each and every allegation contained therein.

20. Answering Paragraph 20 of the FAC, Defendants deny each and every allegation contained therein.

21. Answering Paragraph 21 of the FAC, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every allegation contained therein.

22. Answering Paragraph 22 of the FAC, Defendants deny each and every allegation contained therein.

23. Answering Paragraph 23 of the FAC, Defendants deny each and every allegation contained therein.

24. Answering Paragraph 24 of the FAC, Defendants deny each and every allegation contained therein.

25. Answering Paragraph 25 of the FAC, Defendants deny each and every allegation contained therein.

26. Answering Paragraph 26 of the FAC, Defendants admit that Plaintiff seeks declaratory relief by this action. Further answering Paragraph 26 of the FAC,

except as expressly admitted, Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

27. Answering Paragraph 27 of the FAC, Defendants refer to and incorporate every allegation, admission, and denial set forth in Paragraphs 1 through 16, and 18 through 26, above.

28. Answering Paragraph 28 of the FAC, Defendants admit that they contracted with One Watt Sun and that One Watt Sun eventually used certain Kool Keith vocals purportedly originally recorded with the assistance of Fanatic J. Further answering Paragraph 28 of the FAC, except as expressly admitted, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29 of the FAC, Defendants deny each and every allegation contained therein.

30. Answering Paragraph 30 of the FAC, Defendants deny each and every allegation contained therein.

31. Answering Paragraph 31 of the FAC, Defendants deny each and every allegation contained therein.

32. Answering Paragraph 32 of the FAC, Defendants deny each and every allegation contained therein.

33. Answering Paragraph 33 of the FAC, Defendants deny each and every allegation contained therein.

34. Answering Paragraph 34 of the FAC, Defendants deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

35. Answering Paragraph 35 of the FAC, Defendants refer to and incorporate every allegation, admission, and denial set forth in Paragraphs 1 through 16, 18 through 26, and 28 through 34, above.

36. Answering Paragraph 36 of the FAC, Defendants admit that they did not give Plaintiff a "credit" in the CD packaging, marketing, and publication materials. Further answering Paragraph 36 of the FAC, except as expressly admitted, Defendants deny each and every remaining allegation contained therein.

37. Answering Paragraph 37 of the FAC, Defendants deny each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

38. Answering Paragraph 38 of the FAC, Defendants refer to and incorporate every allegation, admission, and denial set forth in Paragraphs 1 through 16, 18 through 26, 28 through 34, and 36 through 37, above.

39. Answering Paragraph 39 of the FAC, Defendants deny each and every allegation contained therein.

40. Answering Paragraph 40 of the FAC, Defendants deny each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF

41. Answering Paragraph 41 of the FAC, Defendants refer to and incorporate every allegation, admission, and denial set forth in Paragraphs 1 through 16, 18 through 26, 28 through 34, 36 through 37, and 39 through 40, above.

42. Answering Paragraph 42 of the FAC, Defendants admit that they paid $30,000 directly to Kool Keith, and that they did not pay, and have not paid, Plaintiff anything. Further answering Paragraph 42 of the FAC, except as expressly admitted, Defendants deny each and every remaining allegation contained therein.

40 [sic].  Answering Paragraph 40 [sic] of the FAC, Defendants deny each and every allegation contained therein.

## ADDITIONAL CAUSES OF ACTION

41 [sic].  Answering Paragraph 41 [sic] of the FAC, Defendants lack information or belief sufficient to enable them to respond to the allegations contained therein and, basing their denial on said grounds, deny, both generally and specifically, each and every allegation contained therein.

As and for their affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

43.  The FAC, and each and every purported claim for relief therein, fails to state valid claims for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

44.  The FAC, and each and every purported claim for relief therein, is barred by the doctrine of implied license.

## THIRD AFFIRMATIVE DEFENSE

45.  The FAC, and each and every purported claim for relief therein, is barred by the doctrine of joint authorship and/or co-authorship.

## FOURTH AFFIRMATIVE DEFENSE

46.  The FAC, and each and every purported claim for relief therein, is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

47.  The FAC, and each and every purported claim for relief therein, is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

48.  Defendants are informed and believe, and thereon allege, that the FAC, and each and every purported claim for relief therein, is barred, in whole or in part, by reason of Plaintiff's inequitable conduct and/or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

49.  The FAC, and each and every purported claim for relief therein, are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

50.  The FAC, and each and every claim for relief therein, are barred by the statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

51.  The FAC, and the second through fifth causes of action contained therein, are barred by the doctrine of federal preemption.

### TENTH AFFIRMATIVE DEFENSE

52.  Plaintiff is barred from obtaining any relief that it now seeks by reason of Plaintiff's abandonment of its rights.

### ELEVENTH AFFIRMATIVE DEFENSE

53. Plaintiff is barred from obtaining any relief that it now seeks by reason of Plaintiff's failure to make reasonable efforts to mitigate its alleged injury or damages.

### TWELFTH AFFIRMATIVE DEFENSE

54. Plaintiff is barred from recovery, in whole or in part, because Plaintiff consented, approved, acquiesced in, and/or ratified some or all of the conduct alleged in the FAC.

### THIRTEENTH AFFIRMATIVE DEFENSE

55. Plaintiffs' claims for punitive damages are barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 7 of the California Constitution, in that such claims allow the trier of fact to award excessive damages awards which are grossly disproportionate to any actual harm suffered by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

56. Plaintiff is barred from obtaining injunctive relief because an adequate remedy at law exits.

### FIFTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff is barred from recovery on the FAC, as well as each and every alleged claim for relief therein, for failure to join indispensable parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

58. Defendants reserve the right to amend this answer, to assert additional affirmative defenses, and to supplement, alter, or change this answer upon discovery and investigation in this matter.

Dated:   August 19, 2008

GRODSKY & OLECKI LLP
Allen B. Grodsky
Zachary Rothenberg


By   /Allen B. Grodsky/
    Allen B. Grodsky

Attorneys for Defendants CMH Records, Inc. and Vitamin Records, LLC.

ANSWER TO FIRST AMENDED COMPLAINT

-11-

Johnson v. CMH, et al.
Case No. C 07-06476 VRW

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury.

Dated: August 19, 2008

GRODSKY & OLECKI LLP
Allen B. Grodsky
Zachary Rothenberg


By____/Allen B. Grodsky/_____
      Allen B. Grodsky

Attorneys for Defendants CMH Records, Inc. and Vitamin Records, LLC.

ANSWER TO FIRST AMENDED COMPLAINT

-12-

Johnson v. CMH, et al.
Case No. C 07-06476 VRW

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2001 Wilshire Blvd, Suite 210, Santa Monica, California 90403.

On August 19, 2008, I served the foregoing document described as: **ANSWER OF DEFENDANTS CMH RECORDS, INC. AND VITAMIN RECORDS, LLC TO FIRST AMENDED COMPLAINT** on the parties in this action by serving:

Ray Khem Shahani, Esq.
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, CA 94402

FAX: (650) 348-8655
rks@attycubed.com

**(X) By Mail:** By placing a true copy thereof enclosed in sealed envelopes addressed as above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**( ) By E-Mail:** I served the above document by e-mailing the document to th above e-mail address.

Executed on August 19, 2008, at Santa Monica, California.

**(X) STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Stacey R. Ferguson